UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL W. ASHBURY,

    Plaintiff,

v.     Case No. 8:25-cv-162-TPB-TGW

YULIANA ARELI ARRIAGA,

    Defendant.
_____/

### ORDER TRANSFERRING CASE

This matter is before the Court *sua sponte* on Plaintiff Samuel W. Ashbury's complaint (Doc. 1) and amended complaint (Doc. 3). On February 4, 2025, the Court directed Plaintiff to show cause as to why this case should not be dismissed or transferred to the United States District Court for the District of Oregon.[1] (Doc. 6). On February 18, 2025, Plaintiff filed his response. (Doc. 9). After reviewing the complaint, amended complaint, response, court file, and the record, the Court finds as follows:

This case arises from a dispute between Plaintiff Samuel W. Asbury and Defendant Yuliana Areli Arriaga. In 2017, Plaintiff – an Oregon licensed attorney – hired Defendant to perform clerical work on immigration matters. The contract was signed by both parties in Oregon, and Arriaga worked exclusively in Oregon for clients who live in and around Hermiston, Oregon. Since the time the contract was signed, Plaintiff has moved to Florida

---

[1] Contrary to Plaintiff's assertion, a court may raise the issue of venue *sua sponte*. *See, e.g.*, *Algodonera De Las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005) ("[W]hile a district court may dismiss a suit *sua sponte* for lack of venue, it may not do so 'without first giving the parties an opportunity to present their views on the issue.'" (quoting *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988)); *Kapordelis v. Danzig*, 387 F. App'x 905, 906-07 (11th Cir. 2010); *Collins v. Hagel*, No. 1:13-cv-2051-WSD, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015).

and operates his law office (serving Oregon clients) out of Florida although he is not a Florida-licensed attorney.

Plaintiff claims that Defendant breached the contract (Count I) by giving legal advice to Plaintiff's clients and potential clients; completing immigration forms for clients without submitting those forms to Plaintiff for review; submitting client paperwork directly to United States Citizenship and Immigration Services without Plaintiff's review or permission; failing to provide Plaintiff with all money received from clients and prospective clients; and failing to invoice Plaintiff for all services performed.  Plaintiff also asserts claims for tortious interference with contracts and business relationships (Count II), unlawful trade practices under the Oregon Unlawful Trade Practices Act (Count III), declaratory judgment (Count IV), and permanent injunction (Count V).

Upon careful consideration, the Court concludes that this case should be transferred.  28 U.S.C. § 1391(b) provides that "a civil action may be brought in. . . "(1) a judicial district in which any defendant resides. . . [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated. . ."  If proceeding under (b)(1), this action would have been filed in the District of Oregon, where Defendant resides.  The Court therefore analyzes whether venue is proper under (b)(2).

In the complaint and his response, Plaintiff asserts that venue is proper here because Plaintiff's principal office is in Tampa, Florida, and he and his company are therefore affected in Tampa, Florida.  But assuming the allegations of the complaint are true, it cannot be said that a "substantial part" of the relevant events occurred in this District.  *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-73 (11th Cir. 2003) (analyzing whether "substantial part" of events occurred in district to support venue).

"When analyzing the proper venue for a breach of contract claim, the Eleventh Circuit has considered factors such as where the contract was negotiated, executed, and performed." *Horowitz v. Emerald Nutraceuticals, LLC*, No. No. 2:23-cv-696-SPC-NPM, 2024 WL 4872253, at *2 (M.D. Fla. Nov. 22, 2024) (citing *Jenkins*, 321 F.3d at 1372). "But the 'most important[ ]' consideration is where the contract was breached." *Id*. (quoting *Jenkins*, 321 F.3d at 1272). At the time the parties entered into the contract, the parties were both citizens of Oregon, and the contract was executed in Oregon. Defendant was specifically hired to perform clerical work on immigration matters for Plaintiff's clients and potential clients in Hermiston, Oregon, and the breaches that Plaintiff complains of are centered in Hermiston, Oregon.

Plaintiff's other claims fare no better – at best, construing the amended complaint liberally, each of Defendant's acts or omissions occurred in Oregon. "The crux of a tortious-interference claim is the alleged activity constituting the interference[,]" and under Florida law, "a cause of action for tortious interference accrues in the county where 'overt acts constituting the interference occurred.'" *Hypower, Inc. v. Atlantic Electric, LLC*, No. 12-61633-Civ-SCOLA, 2013 WL 12086268, at *3 (S.D. Fla. Feb. 13, 2013) (citing *Fontana v. Hugo Int'l, Inc.*, 781 So. 2d 433, 434 (Fla. 3d DCA 2001)). In this case, the essence of Plaintiff's tortious interference claim is Defendant's actions in stealing clients and otherwise interfering with Plaintiff's clients in Hermiston, Oregon.

Just because Plaintiff has chosen to relocate to Florida and maintains an office here serving Oregon clients, such facts do not provide a sufficient basis to support venue in the Middle District of Florida. Oregon is the only proper venue for this litigation. For these reasons, and in the interest of justice, the Court concludes that this case should be

transferred to the United States District Court for District of Oregon.[2] *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The Clerk is directed to transfer this case to the United States District Court for the District of Oregon.

2. Following transfer, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of February, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[2] "Where venue would be proper in another district, transfer is preferred over dismissal unless evidence stablishes that the case was brought in the improper venue in bad faith or in an effort to harass a defendant." *Clean Fuels of Indiana, Inc. v. Riverport Ins. Co.*, No. 6:16-cv-1472-Orl-37TBS, 2016 WL 6650714, at *3 (M.D. Fla. Nov. 10, 2016) (citing *Palmer v. Dau*, No. 6:10-cv-248-Orl-19KRS, 2010 WL 2740075, at *2 (M.D. Fla. Jul. 12, 2010)). The Court does not believe that this case was brought in this district in bad faith or in an effort to harass Defendant.