IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SAMUEL W. ASBURY**, | Case No. 2:25-cv-284-HL |
| Plaintiff, | **ORDER** |
| v. | |
| **YULIANA ARELI ARRIAGA**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Andrew D. Hallman issued an Order Denying Plaintiff's Motion for Entry of Default and Granting Defendant's Motion for Extension of Time to File an Answer in this case on April 24, 2025. Plaintiff[1] objects to this Order.

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended

---

[1] Plaintiff is representing himself and is a licensed attorney in two states. Compl. (ECF 1) at 1 n.1.

PAGE 1 – ORDER

disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When a party timely objects to a magistrate judge's findings and recommendations concerning a dispositive motion, the district judge must make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (cleaned up)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (holding same).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997) (quotation marks omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *see also Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021) (same); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013) (same).

Plaintiff timely objected to the Order denying entry of default and granting Defendant's motion for extension of time to file an answer. Plaintiff argues that Judge Hallman treated Plaintiff's motion for entry of default as a motion for default judgment. Plaintiff contends that a motion for default judgment is a dispositive order, such that Judge Hallman was required to issue Findings and Recommendations instead of an Order. Plaintiff further argues that a motion for entry of default is mandatory under Rule 55 of the Federal Rules of Civil Procedure and that Judge Hallman did not have the discretion to deny this motion.[2] Defendant did not respond to Plaintiff's objections.

The Court has reviewed for clear error Judge Hallman's factual findings and reviewed de novo matters of law. Judge Hallman ruled on Plaintiff's motion for entry of default, which is not a dispositive order. *See Calloway v. Pankopf*, 2014 WL 251907, at *2 (D. Nev. Jan. 22, 2014) ("[An] Order directing the Clerk to enter default is not dispositive of any of the parties' claims or defenses."). Further, Judge Hallman correctly treated Plaintiff's motion as a motion for entry of default and not default judgment. Judge Hallman did not consider the merits of Plaintiff's claims, but simply ruled that because Defendant had appeared and was defending the action, an order of default was not warranted. As Judge Hallman noted in his Order, the Court has the discretion to decline to enter default when the defendant appears. *See Parsley v. Bank of Am., N.A.*, 2017 WL 5069106, at *1 (D. Or. Aug. 22, 2017) (finding that entry of default was not warranted

---

[2] Plaintiff also argues that he has "clearly and consistently asserted his right for this case to be heard by an Article III Judge and *not* a Magistrate Judge." ECF 29 at 2 (emphasis in original). As Judge Hallman noted in denying Plaintiff's motion to assign this case to an Article III judge, when a party declines to consent to the jurisdiction of a magistrate judge in the District of Oregon, the magistrate judge remains responsible for non-dispositive matters and issues Findings and Recommendation on dispositive matters. *See* ECF 16. Thus, this case properly is assigned to Judge Hallman.

PAGE 3 – ORDER

because a "late-filed Answer indicates an intent to participate and defend in this action")[3]; *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995) ("It is within the Court's discretion whether to enter a default even when a defendant is technically in default for failing to answer or otherwise appear."). Although Defendant technically was in default by failing to answer or otherwise appear within 21 days of service, it was within the Court's discretion to deny entry of default after Defendant appeared and indicated her intent to participate in this action. Thus, the Court agrees with Judge Hallman's reasoning and affirms his Order.

The Court OVERRULES Plaintiff's objections (ECF 29) and AFFIRMS Judge Hallman's nondispositive Order Denying Plaintiff's Motion for Entry of Default and Granting Defendant's Motion for Extension of Time to File an Answer (ECF 28). In the alternative, to the extent that Plaintiff may be correct that Judge Hallman should have issued a Findings and Recommendation instead of an Order, the Court has construed Judge Hallman's analysis as a Findings and Recommendation and reviewed it de novo. The Court adopts Judge Hallman's Findings and Recommendation for the reasons explained by Judge Hallman.

**IT IS SO ORDERED.**

DATED this 20th day of May, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[3] Plaintiff also objects to Judge Hallman citing an "interlocutory order in an unpublished case (*i.e.*, with no binding precedential value)." Of course, district court opinions are not binding, but a court may rely on them for persuasive value. The Court agrees with Judge Hallman that the reasoning in this decision is persuasive.

PAGE 4 – ORDER